1. That the involved merchandise consisted of 42-inch model and 48-inch model radial drills, exported from Italy.

2. That said merchandise was entered at the invoiced prices, and both models of radial drills were appraised on the basis of foreign value at 2,200,000 lire, less 3 per centum, plus 3 per centum tax, plus packing.

3. That the presumption of correctness attaching to the appraised value has not been overcome.

I conclude as matters of law—

1. That foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended, *supra*, is the proper basis for the determination of the value of the radial drills here involved.

2. That such value is the appraised value.

Judgment will be entered accordingly.

(Reap. Dec. 9103)

KAUFMAN & VINSON CO. *v.* UNITED STATES

Entry No. 885311.

(Decided March 21, 1958)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When this appeal for a reappraisement was called for hearing, there was no appearance on behalf of plaintiff.

An examination of the official record discloses no reason for disturbing the presumptively correct value for the merchandise found by the appraiser.

I, therefore, find and hold the proper dutiable value of the merchandise covered by this appeal to be the value found by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 9104)

MEADOWS WYE & CO., INC. *v.* UNITED STATES

Entry No. 801310.

(Decided March 21, 1958)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When this appeal for a reappraisement was called for hearing, there was no appearance on behalf of plaintiff.

An examination of the official record discloses no reason for disturbing the presumptively correct value for the merchandise found by the appraiser.

I, therefore, find and hold the proper dutiable value of the merchandise covered by this appeal to be the value found by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 9105)

STEELMASTERS, INC. v. UNITED STATES

Entry No. 747052, etc.

(Decided March 21, 1958)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When the appeals for a reappraisement enumerated in schedule "A," attached to and made part of this decision, were called for hearing, there was no appearance on behalf of plaintiff.

An examination of the official record discloses no reason for disturbing the presumptively correct value for the merchandise found by the appraiser.

I, therefore, find and hold the proper dutiable value of the merchandise covered by these appeals to be the value found by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 9106)

GEHRIG, HOBAN & CO., INC. v. UNITED STATES

Entry No. 890328–½.

(Decided March 21, 1958)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.